UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| TERRI AHNER, | ) | FILED: NOVEMBER 21, 2008 |
| | ) | 08CV6694 |
| Plaintiff, | ) | JUDGE GETTLEMAN |
| | ) | MAGISTRATE JUDGE MASON |
| v. | )  No. | CH |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

TERRI AHNER (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

PLAINTIFF'S COMPLAINT                                                                                        1

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Dowell, Jackson County, Illinois, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

10. Defendant is a Pennsylvania Corporation with an office in North Aurora, Kane County, Illinois.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

13. Defendant places collection calls to Plaintiff at her work seeking and demanding payment for an alleged debt (see Exhibits A and B).

14. Defendant disclosed Plaintiff's alleged debt to the HR department at Plaintiff's work as well as to Plaintiff's boss (see Exhibits A and B).

15. Defendant is attempting to collect a debt Plaintiff does not owe.

16. Defendant did not send Plaintiff a debt validation letter.

17. Defendant threatened to garnish Plaintiff's wages.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties in connection with the collection of Plaintiff's alleged debt (see Exhibits A and B).

    b. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged debt because Plaintiff does not owe this debt.

    c. Defendant violated *§1692e(4)* of the FDCPA representing and implying that non payment of Plaintiff's alleged debt will result in garnishment of Plaintiff's wages

even though Defendant did not intend to take such action.

d. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt because Plaintiff does not owe the debt.

e. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not expressly authorized by an agreement or permitted by law because Plaintiff does not owe the debt.

f. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit C).

WHEREFORE, Plaintiff, TERRI AHNER, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

                              By:____/s/ Adam J. Krohn____
                              [ ]Adam Krohn
                              Attorneys for Plaintiff
                              Krohn & Moss, Ltd.
                              5055 Wilshire Blvd., Suite 300
                              Los Angeles, CA 90036

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TERRI AHNER, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

Plaintiff, TERRI AHNER, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TERRI AHNER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

11-19-08
Date

TERRI AHNER

# **EXHIBIT A**

I have been contacted several times by NCO in the past 12 months regarding the employment of Terri Ahner and a wage garnishment that would be coming. I have told the individual who calls that Terri is employed with Craig Williams Creative. Marcella Krueger with NCO called on 11-7-08 she is the last person I spoke with. She gave me the phone number 866-475-8070 to contact her. As of this date I have never received a garnishment order.

Teresa Craig
Human Resource Department
Craig Williams Creative, Inc.

# **EXHIBIT B**

Unfortunately, I did not keep track formally of the number of times they called, the dates or exactly what was said. We only answer a question about whether an employee is currently employed and then we wait for paperwork to document a garnishment. I can say with certainty that they have called at least three times.

However, one time stands out in my mind when NCO Financial called and said they needed to send a garnishment and wanted to verify employment of Terri Ahner. I told them yes she was and tried to determine who was calling to notify Terri. I don't remember specifically if they would not answer the question or not but I do remember calling them back and being hung up on.

# EXHIBIT C

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — **YES** / NO
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I feel helpless and sick over this. It is so embarrassing. Everytime the phone rings at work, I am afraid it is NCO calling my boss again._ _All OF The Above_

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _11-19-08_

_Terri L. Ahner_
Signed Name

_TeRRi L. AhNer_
Printed Name